Filed 4/22/15  Manning v. County of Humboldt CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RENE A. MANNING et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>COUNTY OF HUMBOLDT,<br><br>    Defendant and Respondent. | A140736<br><br>(Humboldt County<br>Super. Ct. No. CV120476) |

Rene and Carol Manning (the Mannings) petitioned for a writ of mandamus requiring the County of Humboldt (County) to issue a certificate of compliance with respect to real property in which the Mannings claimed a life estate.  The County had denied the certificate of compliance because the real property was not a parcel in compliance with the Subdivision Map Act (Gov. Code, § 66410 et seq.; Act).  In doing so, the County rejected the Mannings' claim that a long-standing lot line adjustment rendering the real property noncompliant with the Act was invalid because the Mannings had not received proper notice.  The trial court denied the petition, concluding it lacked the authority to require the County to issue a certificate of compliance with respect to the parcel.  We affirm.

## I.  BACKGROUND

This appeal is grounded in land use transactions and litigation occurring over the course of two decades in Humboldt County.  We relate only so much of that history as is necessary for our decision.

In June 2009, the Mannings applied to the County for a certificate of compliance with respect to a 1.19-acre portion of a larger 9.56-acre parcel (the 1.19-acre site). A certificate of compliance, governed by Government Code section 66499.35, represents a determination by the local land use authority that the subject property complies with the Act and applicable local ordinances. (Gov. Code, § 66499.35, subd. (a).) "When parcels are validated by certificates of compliance, they 'may be sold, leased, or financed without further compliance with the Subdivision Map Act or any local ordinance enacted pursuant thereto.' " (*Gardner v. County of Sonoma* (2003) 29 Cal.4th 990, 998.)

The 1.19-acre site had been created as a parcel by a lot line adjustment filed in 1989 by the owner of the property, Hazel Manning (Ms. Manning). In 1997, Ms. Manning executed a document entitled, "Lease Contract for Life-Estate for Rene & Carol Manning" (lease), which leased the 1.19-acre site to the Mannings for the duration of their joint lives. Soon after, a building permit was issued to Ms. Manning for a residence on the 1.19-acre site, and the Mannings built a residence there. Ms. Manning died in 2004.

In 1996, the year prior to execution of the lease, Ms. Manning had applied for a second lot line adjustment that was eventually recorded in 1999. The effect of the 1999 lot line adjustment was to incorporate the 1.19-acre site into a larger piece of property owned by Ms. Manning, creating the 9.56-acre parcel and a second, smaller parcel, which Ms. Manning later sold. There appears to be no dispute among the parties that the 1999 lot line adjustment rendered the 1.19-acre site, previously a legal parcel, no longer compliant with the Act.

As a result of the 1999 lot line adjustment, the Mannings did not satisfy the requirements for a certificate of compliance with respect to the 1.19-acre site. Recognizing this, they argued in their application that the 1999 lot line adjustment should be disregarded because it had been filed without notice to them. Characterizing the lease as granting them a life estate in the 1.19-acre site, they argued the failure to disregard the 1999 lot line adjustment would result in a deprivation without due process of their property rights.

In denying the certificate of compliance, the County planning division rejected the Mannings' reasoning, stating that the 1999 lot line adjustment had not affected their property rights and denying any responsibility for notifying them of the 1999 lot line adjustment.

The Mannings appealed the denial to the County planning commission. For reasons not explained in the record, the Mannings' appeal was not heard until 2011.[1] By that time, yet another lot line adjustment, filed in 2011, had reduced the size of the 9.56-acre parcel to 7 acres. The notice of the 2011 lot line adjustment, which the Mannings did receive, stated, " 'any portions of prior parcels contained within the said description have been merged into a single parcel described herein.' " Before the planning commission, the Mannings made essentially the same arguments they had made to planning staff: that they had received no notice of the 1999 lot line adjustment, which had changed their property rights in the 1.19-acre site.

The planning commission rejected the appeal. In their report to the commission, staff reasoned there was no duty to provide notice to the Mannings and rejected the claim the boundaries of the property subject to the lease had been changed. In addition, staff noted the intervening 2011 lot line adjustment "clearly merges any underlying parcels." Staff recommended denial because the 1.19-acre site was not a distinct parcel and issuance of a certificate of compliance would, in effect, create a new parcel without compliance with the Act. The Mannings' subsequent appeal to the board of supervisors was also unsuccessful.

In July 2012, the Mannings filed a petition for writ of mandate, arguing the board of supervisors' denial of their appeal seeking a certificate of compliance constituted a prejudicial abuse of discretion under Code of Civil Procedure section 1094.5. The petition was based on the Mannings' claim of a due process right to notice of the 1999 lot line adjustment and sought an order directing the County to set aside its denial of the

---

[1] It is possible the delay was due to litigation between the Mannings and the successors in interest to Ms. Manning, which occurred around this time.

3

certificate of compliance. The Mannings thereafter submitted an administrative record as well as other documents they deemed relevant to the court's decision. At the conclusion of the hearing on the petition, the court told the parties: "[T]he standard of proof, as you know, is substantial evidence, and after this many years, I just don't see it. I'm sorry. I think you're going to have to go through the painful . . . process of going through the formal proceedings to do this. I don't think we can do it this way. . . . I don't think I have the authority to do it. . . . [¶] So the writ is denied for those reasons." The trial court thereafter entered a written order summarily denying the petition.

## II. DISCUSSION

On appeal, the Mannings repeat their claim of a denial of due process. We do not reach the merits of this issue because we conclude it was not properly raised in the context of an application for a certificate of compliance. The only issue before the County in evaluating that application was whether the 1.19-acre site complied with the Act. The County had no discretion to, in effect, "waive" the statutory requirements, nor was it empowered to declare the lot line adjustment retroactively invalid to create compliance. Because there is no dispute the Mannings had not satisfied the statutory requirements for a certificate of compliance, they were not entitled to its issuance, and the trial court properly denied their petition.[2]

A certificate of compliance is a classic ministerial action. " ' "A ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists." ' " (*In re Stier* (2007) 152 Cal.App.4th 63, 84.) " 'Where a statute requires an officer to do a prescribed act upon a prescribed contingency, his functions are ministerial. Where a statute or ordinance clearly defines the specific duties or course of conduct that a governing body must take, that course of conduct becomes mandatory and eliminates any

---

[2] The County did not raise its lack of authority to render the decision requested by the Mannings in its respondent's brief, but we provided both parties the opportunity to file supplemental letter briefs on the issue.

4

element of discretion. [Citation.]' [Citations.] [¶] . . . The word 'shall' indicates a mandatory or ministerial duty. In other words, the [agency] has no authority to do otherwise." (*Lazan v. County of Riverside* (2006) 140 Cal.App.4th 453, 460.)

Government Code section 66499.35, subdivision (a) states that a local agency "shall" cause a certificate of compliance to be filed if the real property complies with the Act. Conversely, the agency is required to deny the request if the result of issuing the certificate would be to effect a subdivision of property without compliance with the Act. (*Abernathy Valley, Inc. v. County of Solano* (2009) 173 Cal.App.4th 42, 57–58.) The Act grants the local agency no discretion to issue a certificate of compliance to noncompliant property. As it is undisputed the 1.19-acre site does not comply with the Act, the County had no choice but to deny the Mannings' request for a certificate of compliance.

As the trial court realized, in raising their due process argument in the context of an administrative request for a certificate of compliance, the Mannings were attempting to end run what the trial court characterized as "the painful . . . process of going through formal proceedings"—in other words, the judicial system. It is readily apparent, however, that the County planning department was not the proper place to raise a claim of a denial of due process. County planning officials are vested with neither authority nor competence to determine the many issues required to be resolved as a prerequisite to such a finding—for example, the legal issues of the nature of the Mannings' interest in the 1.19-acre site (whether true life estate or merely lease for life), the notice rights, if any, associated with that interest in the context of an adjustment of the subject parcel's lot lines, and the remedies available as a result of any failure to satisfy due process. Because these are issues for the judiciary, they can only be resolved in a legal proceeding in which all interested parties can be heard with respect to these and other relevant legal and factual issues and a determination can be made that is subject to appropriate review.

We are certainly in no position to provide such a review on the present record. Considering the planning department was not required to, and did not, provide the Mannings an evidentiary hearing with respect to their due process claim, there are neither factual findings nor a factual record to permit review of the denial. It is typical of the

5

problems presented by this appeal that the record does not contain any evidence to support the fundamental factual issue underlying the Mannings' claim—that they were unaware of the 1999 lot line adjustment. In asserting the lack of notice in their opening brief, the Mannings cite only to a statement to that effect in their application, an unsworn document prepared by counsel. That does not, in any sense of the word, "prove" lack of notice.

In contending the due process issue could properly be raised in the context of their application for a certificate of compliance, the Mannings merely repeat their substantive arguments, contending the lot line adjustment was "void ab initio." Assuming the Mannings are correct, that does not mean the County planning department had the power to declare the lot line adjustment void in the context of an application for a certificate of compliance. The Mannings point us to no statutes or principles of law to suggest local planning agencies have such authority.

In affirming the trial court's decision, we express no opinion as to the merits of the Mannings' due process claim or the relief, if any, to which they might be entitled, nor as to any other of the many issues raised by the parties to this appeal. We hold only that the County's decision to deny a certificate of compliance did not constitute an abuse of discretion because it is undisputed the 1.19-acre site is not in compliance with the Act.

### III. DISPOSITION

The judgment of the trial court is affirmed.

6

_____
Margulies, J.

We concur:

_____
Humes, P.J.

_____
Dondero, J.